1   McGREGOR W. SCOTT
    United States Attorney
2   ADRIAN T. KINSELLA
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone:  (916) 554-2700
    Facsimile:   (916) 554-2900
5

6   Attorneys for Plaintiff
    United States of America
7

8
                       IN THE UNITED STATES DISTRICT COURT
9
                       EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00172-JAM

12                        Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                   v.                    FINDINGS AND ORDER

14  JONATHAN SHANE BLAKELEY,               DATE: August 18, 2020
                                           TIME: 9:30 a.m.
15                        Defendant.       COURT: Hon. John A. Mendez

16

17        This case is set for a status hearing on August 18, 2020.  On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22  May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23  were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME          1
    PERIODS UNDER SPEEDY TRIAL ACT

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14  The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24  In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27

28  [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1   for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2   continuance must be "specifically limited in time").

3                                                **STIPULATION**

4           Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5   through defendant's counsel of record, hereby stipulate as follows:

6           1.       By previous order, this matter was set for status on August 18, 2020.

7           2.       By this stipulation, defendant now moves to continue the status conference until October

8   27, 2020 at 9:30 a.m., and to exclude time between August 18, 2020, and October 27, 2020, under 18

9   U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

10          3.       The parties agree and stipulate, and request that the Court find the following:

11                   a)       The government has represented that the discovery associated with this case

12          includes approximately 400 megabytes of evidence in electronic form, including investigatory

13          reports and related documents, criminal history records, and a forensic phone extraction report.

14          All of this discovery has been either produced directly to counsel and/or made available for

15          inspection and copying.

16                   b)       Counsel for defendant desires additional time to consult with her client, conduct

17          additional investigation, research potential defenses and motions, and time to otherwise prepare

18          for trial.

19                   c)       Counsel for defendant believes that failure to grant the above-requested

20          continuance would deny him/her the reasonable time necessary for effective preparation, taking

21          into account the exercise of due diligence.

22                   d)       The government does not object to the continuance.

23                   e)       In addition, because of the public health concerns cited by the General Orders and

24          declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

25          ends-of-justice delay is particularly apt in this case.

26                   f)       Based on the above-stated findings, the ends of justice served by continuing the

27          case as requested outweigh the interest of the public and the defendant in a trial within the

28          original date prescribed by the Speedy Trial Act.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1          g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

2  et seq., within which trial must commence, the time period of August 18, 2020 to October 27,

3  2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

4  T4] because it results from a continuance granted by the Court at defendant's request on the basis

5  of the Court's finding that the ends of justice served by taking such action outweigh the best

6  interest of the public and the defendant in a speedy trial.

7        4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

8  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

9  must commence.

10        IT IS SO STIPULATED.

11

12  Dated:  August 13, 2020                  McGREGOR W. SCOTT
                                          United States Attorney

13

14                                  /s/ ADRIAN T. KINSELLA
                                  ADRIAN T. KINSELLA

15                                  Assistant United States Attorney

16

17  Dated:  August 13, 2020                  /s/ MIA CRAGER

18                                  MIA CRAGER
                                  Counsel for Defendant

19                                  JONATHAN SHANE
                                  BLAKELEY

20

21

22                         **FINDINGS AND ORDER**

23  IT IS SO FOUND AND ORDERED this 13th day of August, 2020.

24

25                              /s/ John A. Mendez
                                THE HONORABLE JOHN A. MENDEZ

26                                UNITED STATES DISTRICT COURT JUDGE

27

28