1  McGREGOR W. SCOTT
   United States Attorney
2  ADRIAN T. KINSELLA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,               CASE NO.  2:19-CR-0172-JAM

12                      Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
13               v.                         FINDINGS AND ORDER

14 JONATHAN SHANE BLAKELEY,                 DATE: January 26, 2021
                                            TIME: 9:30 a.m.
15                      Defendant.          COURT: Hon. John A. Mendez

16

17        This case is set for a status hearing on January 25, 2021.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28 _____
        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME               1
   PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3                                                    **STIPULATION**

4         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6         1.       By previous order, this matter was set for status on January 26, 2021.

7         2.       By this stipulation, defendant now moves to continue the status conference until March

8  23, 2021, and to exclude time between January 26, 2021, and March 23, 2021, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10        3.       The parties agree and stipulate, and request that the Court find the following:

11               a)       The government has represented that the discovery associated with this case

12        includes over approximately four gigabytes of evidence in electronic form, including police

13        reports, criminal history documents, and forensic cell phone evidence.  All of the discovery in

14        this case has been either produced directly to counsel and/or made available for inspection and

15        copying.

16               b)       Counsel for defendant desire additional time review this discovery, to consult

17        with their client, discuss potential resolutions with their client, and otherwise prepare for trial.

18        Additionally, one of the defendant's counsel is currently on maternity leave.

19               c)       Counsel for defendant believes that failure to grant the above-requested

20        continuance would deny them the reasonable time necessary for effective preparation, taking into

21        account the exercise of due diligence.

22               d)       The government does not object to the continuance.

23               e)       In addition, because of the public health concerns cited by the General Orders and

24        declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

25        ends-of-justice delay is particularly apt in this case.

26               f)       Based on the above-stated findings, the ends of justice served by continuing the

27        case as requested outweigh the interest of the public and the defendant in a trial within the

28        original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 26, 2021 to March 23, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 21, 2021                           McGREGOR W. SCOTT
                                                   United States Attorney


                                                   /s/ ADRIAN T. KINSELLA
                                                   ADRIAN T. KINSELLA
                                                   Assistant United States Attorney


Dated:  January 21, 2021                           /s/ JEROME PRICE
                                                   JEROME PRICE
                                                   Assistant Federal Public Defender
                                                   Counsel for Defendant
                                                   JONATHAN SHANE BLAKELEY


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 21st day of January, 2021.


                                                   /s/ John A. Mendez
                                                   THE HONORABLE JOHN A. MENDEZ
                                                   UNITED STATES DISTRICT COURT JUDGE