PHILLIP A. TALBERT
Acting United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JONATHAN SHANE BLAKELEY,<br><br>                    Defendant. | CASE NO.  2:19-CR-0172-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 23, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

This case is set for a status hearing on March 23, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such

3  failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

14      The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24      In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

27

28      [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3                                                   **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on March 23, 2021.

7          2.      By this stipulation, defendant now moves to continue the status conference until May 25,

8  2021, and to exclude time between March 23, 2021, and May 25, 2021, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      The government has previously represented that the discovery associated with this

12         case includes over approximately four gigabytes of evidence in electronic form, including police

13         reports, criminal history documents, and forensic cell phone evidence.  This discovery has been

14         either produced directly to counsel and/or made available for inspection and copying.  On March

15         17, 2021, the government discovered and produced additional evidence, consisting of

16         bodycamera footage, an audio recording of relevant police radio traffic, and a computer aided

17         dispatch report.  Additional discovery in the form of recorded jail calls is forthcoming.

18                 b)      Counsel for defendant desire additional time review this additional discovery, to

19         consult with their client, discuss potential resolutions with their client, and otherwise prepare for

20         trial.  Additionally, one of the defendant's counsel has recently returned from maternity leave.

21                 c)      Counsel for defendant believe that failure to grant the above-requested

22         continuance would deny them the reasonable time necessary for effective preparation, taking into

23         account the exercise of due diligence.

24                 d)      The government does not object to the continuance.

25                 e)      In addition, because of the public health concerns cited by the General Orders and

26         declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

27         ends-of-justice delay is particularly apt in this case.

28                 f)      Based on the above-stated findings, the ends of justice served by continuing the

1   case as requested outweigh the interest of the public and the defendant in a trial within the

2   original date prescribed by the Speedy Trial Act.

3          g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4   et seq., within which trial must commence, the time period of March 23, 2021 to May 25, 2021,

5   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

6   because it results from a continuance granted by the Court at defendant's request on the basis of

7   the Court's finding that the ends of justice served by taking such action outweigh the best interest

8   of the public and the defendant in a speedy trial.

9   //

10

11  //

12

13  //

14

15  //

16

17  //

18

19  //

20

21  //

22

23  //

24

25  //

26

27  //

28

1        4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

2   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3   must commence.

4        IT IS SO STIPULATED.

5

6   Dated:  March 18, 2021                                PHILLIP A. TALBERT
                                                          Acting United States Attorney
7

8                                                         /s/ ADRIAN T. KINSELLA
                                                          ADRIAN T. KINSELLA
9                                                         Assistant United States Attorney

10

11  Dated:  March 18, 2021                                /s/ MIA CRAGER
                                                          MIA CRAGER
12                                                        Assistant Federal Public Defender
                                                          Counsel for Defendant
13                                                        JONATHAN SHANE BLAKELEY

14
    Dated:  March 18, 2021                                /s/ JEROME PRICE
15                                                        JEROME PRICE
                                                          Assistant Federal Public Defender
16                                                        Counsel for Defendant
                                                          JONATHAN SHANE BLAKELEY
17

18

19

20                              **FINDINGS AND ORDER**

21        IT IS SO FOUND AND ORDERED this 18th day of March, 2021.

22

23                                                        /s/ John A. Mendez
                                                          THE HONORABLE JOHN A. MENDEZ
24                                                        UNITED STATES DISTRICT COURT JUDGE

25

26

27

28